UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN L. RUTHERFORD                                               CIVIL ACTION

VERSUS                                                              No. 10-1987

LOUISIANA STATE, ET AL.                                             SECTION I

ORDER AND REASONS

Before the Court are motions[1] to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants, the State of Louisiana, Governor Bobby Jindal, Judge Wayne Chutz, Judge M. Douglas Hughes, Judge Bruce C. Bennett, Judge Robert H. Morrison, III, the 21st Judicial District Court, Cynthia Bridges as Secretary of the Louisiana Department of Revenue, and Michael Parrish and Lisa Parrish. Plaintiff has filed "motions" opposing dismissal.[2]

BACKGROUND

In his complaint and memorandum of supporting evidence, plaintiff, Steven L. Rutherford ("Rutherford"), alleges that a variety of government and private actors have committed wrongs against him.  Plaintiff's causes of action and factual basis are unclear from the face of his complaint and supporting memorandum.  Plaintiff appears to make the following allegations: (1) the signature on his tax returns was forged for the years 1998 and 1999 and he has been harassed by the Louisiana Department of Revenue; (2) in matters plaintiff filed in the 21st Judicial District, the judges failed to grant him the relief he desired; and (3) Michael and Lisa Parrish conspired with the judges of the 21st Judicial District to deprive him of his land

---

[1] R. Doc. Nos. 8, 26, 30, 31.
[2] R. Doc. No. 15, 32.

rights.  Plaintiff seeks relief in the form of prosecution of all defendants "under the Rico Act and the Hate Crimes statutes", as well as monetary damages against the State of Louisiana and Michael and Lisa Parrish.

In their motions to dismiss, defendants, the State of Louisiana, Governor Bobby Jindal, Judge Chutz, Judge Hughes, Judge Bennett, Judge Morrison, the 21st Judicial District Court and Cynthia Bridges assert that plaintiff's claims should be dismissed for failure to state claims upon which relief can be granted.  Defendants, Michael and Lisa Parrish, move to dismiss plaintiff's claims as frivolous or, in the alternative, move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

*LAW AND ANALYSIS*

## I.      STANDARD OF LAW

With respect to actions filed *in forma pauperis,* such as the instant lawsuit, federal law provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim upon which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re

Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and

quotation marks omitted).

 As the United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and

quotation marks omitted).

 Further, in Iqbal, the Supreme Court also stated that:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must
> contain a "short and plain statement of the claim showing that the
> pleader is entitled to relief." . . . [T]he pleading standard Rule 8
> announces does not require detailed factual allegations, but it
> demands more than an unadorned, the-defendant-unlawfully
> harmed-me accusation. A pleading that offers labels and
> conclusions or a formulaic recitation of the elements of a cause of
> action will not do. Nor does a complaint suffice if it tenders naked
> assertions devoid of further factual enhancement.

Id. (citations, quotation marks, and brackets omitted).  "Still, it is well-established that pro se

complaints are held to less stringent standards than formal pleadings drafted by lawyers." Bustos

v. Martini Club Inc., 599 F.3d 458, 461-62 (5th Cir. 2010) (internal quotation marks and citation

omitted).

## II. ANALYSIS

 *A.* *Claims against the State of Louisiana*

 With respect to the State of Louisiana, the state is an improper defendant because a state

is not a "person" subject to suit under § 1983. Will v. Michigan Dep't. of State Police, 491 U.S.

58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994);

Cronen v. Texas Dep't. of Human Servs., 977 F.2d 934, 936 (5th Cir. 1992).

Moreover, any § 1983 claim against the state would also be barred by the Eleventh

Amendment.  The United States Supreme Court has held that, "in the absence of consent a suit in

which the State . . . is named as the defendant is proscribed by the Eleventh Amendment.  This

jurisdictional bar applies regardless of the nature of the relief sought."  Pennhurst State School &

Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted).  The United States Fifth

Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh
> Amendment sovereign immunity regarding suits in federal court.
> See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh
> Amendment immunity by unequivocally expressing its intent to do
> so and by acting pursuant to a valid exercise of power.  We note
> that in enacting § 1983, Congress did not explicitly and by clear
> language indicate on its face an intent to sweep away the immunity
> of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002)

(quotation marks and citations omitted).  Therefore, the Eleventh Amendment bars plaintiff's

claims against the State of Louisiana.[3]

     B.     *Claims against Governor Jindal and Cynthia Bridges, Secretary of the Louisiana*

           *Department of Revenue*

To the extent plaintiff seeks to sue Governor Jindal and Cynthia Bridges in their official

capacities, state officials in their official capacities are not "persons" subject to suit under § 1983

---

[3] In opposition to defendants' motions to dismiss, plaintiff argues that Eleventh Amendment immunity is inappropriate because of the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346, 2671.  However, the FTCA applies only to federal sovereign immunity. In re Katrina Canal Breaches Litig., 351 Fed. App'x. 938, 939 (5th Cir. 2009) (the FTCA "waives federal sovereign immunity for injury, property loss, or death caused by any federal government employee while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.") (internal quotation marks and citations omitted).

with respect to claims for monetary damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Stotter v. Univ. of Texas, 508 F.3d 812, 821 (5th Cir.2007).  Moreover, because a § 1983 claim against a state official in his official capacity for monetary damages is actually a claim against the state itself, such a claim is barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir.2006).

To the extent plaintiff seeks to sue Governor Jindal and Cynthia Bridges in their personal capacities, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993).  "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107, (1995).

In his complaint, plaintiff alleges no facts indicating that Governor Jindal was personally involved in any constitutional deprivation of plaintiff's rights; nor, does he allege that Governor Jindal implemented any particular policies, constitutional or unconstitutional, that causally resulted in injuries to the plaintiff.[4]  Therefore, plaintiff has failed to state a claim against Governor Jindal upon which relief can be granted.

Similarly, in his complaint, plaintiff alleges no facts indicating that Cynthia Bridges was personally involved in any constitutional deprivation of plaintiff's rights; nor, does he allege that Cynthia Bridges implemented any particular policies, constitutional or unconstitutional, that

---

[4] In fact, other than the fact that plaintiff named Governor Jindal in the initial list of defendants, the only mention of Governor Jindal in the rest of the complaint and memorandum of supporting evidence appears in a form letter sent to plaintiff referencing the fact that Governor Jindal signed the Louisiana Tax Delinquency Amnesty Act of 2009 into law. R. Doc. No. 5-1, p.3.

causally resulted in injuries to the plaintiff.[5]  Plaintiff makes no allegation that there existed a policy regarding forgery of signatures or harassment of taxpayers.  Accordingly, plaintiff has also failed to state a claim against Cynthia Bridges upon which relief can be granted.[6]

Nevertheless, because

### C.    Claims against Judges Chutz, Hughes, Bennett and Morrison

Plaintiff's complaint is unclear as to what causes of action he is asserting against Judges Chutz, Hughes, Bennett and Morrison (the "judges"), but an examination of his memorandum of supporting evidence reveals complaints of judicial misconduct against the judges filed with the Judiciary Commission of Louisiana.  In the complaints, plaintiff alleges that the judges showed bias in denying his motions without a hearing in open court and without legal justification.[7]

To the extent that plaintiff is suing the judges in their *official capacities*, such claims fail. The judges are state officials, and a state official in his official capacity is not a "person" amenable to suit for damages under § 1983. Will, 491 U.S. at 71; see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Boyd v. Lasher, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009).

A judgment against the judges in their official capacities would also be satisfied by the state treasury.  LA. REV. STAT. ANN. § 13:5108.1.  Because an official-capacity claim against the judges is, therefore, in reality a claim against the state itself, any such claim is barred by the

---

[5] In fact, other than naming Cynthia Bridges in the initial list of defendants, the only other mention of Cynthia Bridges in the rest of the complaint and memorandum of supporting evidence is in a form letter from Cynthia Bridges notifying plaintiff that he had an outstanding balance of taxes due and plaintiff's letter in response which is addressed to Cynthia Bridges. R. Doc. No. 5-1, pp.2-3.
[6] Although the Fifth Circuit has held that, "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend," Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam), the Court declines to do so in the particular case as the allegations are clearly baseless. Kastner v. Lawrence, 390 Fed. Appx. 311, 316-317 (5th Cir. 2010).
[7] R. Doc. Nos. 5-3, p.4; 5-4, p.4; 5-5, p.4.

Eleventh Amendment. <u>Voisin's Oyster House, Inc. v. Guidry</u>, 799 F.2d 183, 188 (5th Cir. 1986);

<u>Doris v. Van Davis</u>, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009);

<u>see also</u> <u>Wallace v. Texas Tech University</u>, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits

against state officials in their official capacity are considered to be suits against the individual

office, and so are generally barred as suits against the state itself.").

   To the extent that the judges are being sued in their *individual capacities* for *monetary*

*damages*, they are protected by absolute judicial immunity.  It has long been held that "judges of

courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even

when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously

or corruptly." <u>Bradley v. Fisher</u>, 80 U.S. (13 Wall.) 335, 351 (1871); <u>see also</u> <u>Brandley v.</u>

<u>Keeshan</u>, 64 F.3d 196, 200-01 (5th Cir. 1995) (absolute immunity applies even where judge's

"exercise of authority is flawed by grave procedural errors" or where the judge "took action

maliciously or was in excess of his authority"); <u>Harper v. Merckle</u>, 638 F.2d 848, 856 n.9 (5th

Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua*

judge by parties to a case – that could possibly spawn a successful § 1983 suit.").  The United

States Supreme Court has explained that, "[l]ike other forms of official immunity, judicial

immunity is an immunity from suit, not just from ultimate assessment of damages.  Accordingly,

judicial immunity is not overcome by allegations of bad faith or malice, the existence of which

ordinarily cannot be resolved without engaging in discovery and eventual trial." <u>Mireles v.</u>

<u>Waco</u>, 502 U.S. 9, 11 (1991).  Further, judicial immunity is clearly applicable in federal civil

rights cases. <u>Stump v. Steward</u>, 435 U.S. 349, 356 (1978).

   The Supreme Court has recognized only two instances in which judicial immunity is

inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two
> sets of circumstances.  First, a judge is not immune from liability
> for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial
> capacity.   Second, a judge is not immune for actions, though
> judicial in nature, taken in the complete absence of all jurisdiction.

<u>Mireles</u>, 502 U.S. at 11-12 (citations omitted).  Neither of those exceptions applies in this case.

The Supreme Court has explained that:

> The relevant cases demonstrate that the factors determining
> whether an act by a judge is a "judicial" one relate to the nature of
> the act itself, *i.e.*, whether it is a function normally performed by a
> judge, and to the expectations of the parties, *i.e.*, whether they dealt
> with the judge in his judicial capacity.

<u>Stump</u>, 435 U.S. at 362.  The acts at issue here, ruling on motions filed in cases pending before

the court, obviously involve functions normally performed by a judge.  Plaintiff is clearly

directing his claims against the judges in their judicial capacities.  Additionally, there is no

question that the judges had jurisdiction over the matters pending before them in the 21st Judicial

District Court of St. Helena Parish, Louisiana.[8]  Accordingly, for the foregoing reasons,

individual-capacity claims against the judges for monetary damages are barred by their absolute

judicial immunity.

Finally, to the extent that plaintiff is seeking *injunctive relief* against the judges, that

relief is likewise unavailable.  The Federal Courts Improvement Act of 1996, which amended 42

U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or

omission taken in such officer's official capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; <u>Doris v.

Van Davis</u>, Civ. Action No. 08-4138, 2009 WL 382653, at *3 (E.D. La. Feb. 12, 2009);

<u>Wilkerson v. Lanier</u>, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27,

---

[8] The matters seemingly pertain to property disputes and a state criminal charge of disturbing the peace. R. Doc.
Nos. 5-3, p.6; 5-5, p.16; 5-6, p.2..

2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2d Cir. 2001); Nollet v. Justices of the

Trial Court of the Commonwealth of Massachusetts, 83 F.Supp.2d 204, 210 (D. Mass.), aff'd,

248 F.3d 1127 (1st Cir. 2000).

       D.     *Claims against the 21st Judicial District Court*

       Plaintiff has also named the 21st Judicial District Court as a defendant, presumably based

on the same causes of action brought against the judges.  Section 1983 only imposes liability on

any "person" who violates someone's constitutional rights under color of law and "the

jurisprudence seems clear that state courts are not considered 'persons' within the meaning of s

[sic] 1983." Moity v. Louisiana State Bar Ass'n, 414 F.Supp. 180, 182 (E.D. La. 1976).

Furthermore, under Louisiana law the 21st Judicial District Court "is not an entity to which the

law attributes personality," and it, therefore, lacks the capacity to be sued under § 1983. See

Green v. Dist. Attorney Office, Civ. Action No. 08-3685, 2009 WL 651132, at *5 (E.D. La. Mar.

10, 2009) (dismissing § 1983 claims against Orleans Parish Criminal District Court).

       E.     *Claims against Michael and Lisa Parrish*

       As best the Court can discern, plaintiff seemingly alleges that Michael and Lisa Parrish

(the "Parrishes") conspired with state actors to deprive plaintiff of his rights in connection with a

land dispute pending in state court.  The Parrishes move to dismiss the plaintiff's complaint

arguing that his claim is frivolous or, in the alternative, they move for a more definite statement

pursuant to Rule 12(e).

       A federal court may dismiss a claim if satisfied that the action is frivolous; a complaint is

frivolous if it lacks an arguable basis in law or fact. Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.

1998).  In determining whether a claim is frivolous, the Court considers whether plaintiff's

claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.

Id.  The Fifth Circuit has held that "a non-state actor may be liable under 1983 if the private citizen was a willful participant in joint activity with the State or its agents.  The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004).

Liberally construing the complaint, it seems that plaintiff's claims may not be based on an indisputably meritless legal theory as plaintiff has alleged that the Parrishes have conspired with state actors.  However, not only is it unclear whether an illegal act was committed or whether a deprivation of constitutional rights occurred, but plaintiff has also failed to allege specific facts to support his claims.  The Supreme Court has stated that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Since factual allegations pertaining to the Parrishes are currently absent from plaintiff's complaint, the Court finds that the Parrishes have not been provided sufficient notice to reasonably frame a responsive pleading.  Accordingly, the Parrishes are entitled to a more definite statement pursuant to Rule 12(e).

   F. *Injunctive Relief Sought*

Finally, plaintiff seeks injunctive relief in the form of prosecution of all defendants under "the Rico Act and Hate Crime statutes."  Plaintiff has not named a defendant to whom the request for injunctive relief is directed, but since the Racketeer Influenced and Corrupt Organizations Act (RICO Act) and the Federal Civil Rights Law are federal statutes, plaintiff

must be seeking relief from the Attorney General of the United States. See Smith v. U.S., 375

F.2d 243, 246-47 (5th Cir. 1967) ("The Attorney General is the President's surrogate in the

prosecution of all offenses against the United States.").

It is a fundamental principle that "as an incident of the constitutional separation of

powers, [] the courts are not to interfere with the free exercise of the discretionary powers of the

attorneys of the United States in their control over criminal prosecutions." Id. at 247 (5th Cir.

1967) (quoting U.S. v. Cox, 342 F.2d 167, 171 (5th Cir. 1965)).  "The discretion of the Attorney

General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution

already started, is absolute." Id.  Accordingly, plaintiff is not entitled to the injunctive relief

sought.

For the foregoing reasons,

**IT IS ORDERED** that the motions[9] to dismiss filed on behalf of the State of Louisiana,

Governor Bobby Jindal, Cynthia Bridges, Judge Wayne Chutz, Judge M. Douglas Hughes, Judge

Bruce C. Bennett, Judge Robert H. Morrison, III, and the 21st Judicial District Court are

**GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against the State of Louisiana,

Governor Bobby Jindal, Cynthia Bridges, Judge Wayne Chutz, Judge M. Douglas Hughes, Judge

Bruce C. Bennett, Judge Robert H. Morrison, III, and the 21st Judicial District Court are

**DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the second motion[10] to dismiss filed on behalf of

Cynthia Bridges is **DISMISSED AS DUPLICATIVE**.

---

[9] R. Doc. No. 8, 26, 30, 31
[10] R. Doc. No. 11.

**IT IS FURTHER ORDERED** that the motion[11] to dismiss filed on behalf of Michael and Lisa Parrish is **DENIED IN PART** in that plaintiff's claims are not dismissed as frivolous, but **GRANTED IN PART** in that plaintiff is **ORDERED** to submit a more definite statement containing the specific factual allegations supporting his claim **no later than February 28, 2011** or the claims against the Parrishes will be dismissed with prejudice..

**IT IS FURTHER ORDERED** that plaintiff's motions[12] disputing dismissal are **DENIED**.

New Orleans, Louisiana, February ___16th___, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 26.
[12] R. Doc. Nos. 15, 32.