## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN L. RUTHERFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1987** |
| **LOUISIANA STATE, ET AL.** | **SECTION: "I"(4)** |

## ORDER

Before the Court is a **Motion to Subpoena Witnesses (R. Doc. 57)**, in which the Plaintiff, Steven L. Rutherford, seeks issuance of two subpoena duces tecum to St. Helena Parish, Louisiana Sheriff, Nathaniel ("Nat") Williams and St. Helena Parish, Louisiana Chief Chester Prichett, and a **Motion of Leave (R. Doc. 60)**, in which the Plaintiff seeks leave to correct the spelling of Mr. Prichett's name in his **Motion to Subpoena Witnesses (R. Doc. 57)**.[1]

### I.     Factual Background

On July 18, 2010, the Plaintiff filed a complaint pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968, and Louisiana's Hate Crimes Statute, La. R.S. § 14:107.2, against thirteen (13) different government and private parties, including the State of Louisiana, Louisiana Governor Bobby Jindal, and the Louisiana Department of Revenue. (R. Doc. 1.) While the Plaintiff's causes of action and factual basis are unclear from the face of his complaint and supporting memorandum, the Plaintiff appears to allege that: (1) the signature on his

---

[1] In his Motion to Subpoena Witnesses, the Plaintiff incorrectly identified St. Helena Parish, Louisiana Chief Chester Prichett as "Chief Chester Prichard." (R. Doc. 57, p.3.) The Plaintiff now seeks leave to amend his Motion to Subpoena Witnesses to correct the spelling of Mr. Prichett's last name.

tax returns was forged for the years 1998 and 1999; (2) he has been harassed by the Louisiana Department of Revenue; (3) in matters the Plaintiff filed in the 21st Judicial District, the judges failed to grant him the relief he desired; and (4) Defendants Michael and Lisa Parrish conspired with the judges of the 21st Judicial District to deprive him of his land rights.  (R. Doc. 1 and 5.)  Plaintiff seeks relief in the form of prosecution of all Defendants "under the Rico Act and the Hate Crimes statutes", as well as monetary damages against the State of Louisiana and Defendants Michael and Lisa Parrish.  (R. Doc. 1.)

The Plaintiff now seeks issuance of two subpoena duces tecum to St. Helena Parish, Louisiana Sheriff, Nathaniel ("Nat") Williams and St. Helena Parish, Louisiana Chief Chester Prichett.  However, the Plaintiff failed to state Mr. Williams' or Mr. Prichett's role in the case, or the purpose of their testimony.

The Plaintiff also failed to clearly indicate whether he is requesting subpoenas to secure the deposition testimony of Mr. Williams and Mr. Prichett on a specific date, or whether he is requesting subpoenas to secure the testimony of Mr. Williams and Mr. Prichett at trial.

The Plaintiff's motion states,

> "[n]ow Into Court Comes Steven L. Rutherford, Plaintiff in case No. 10-1987, Requesting Courts grant Motion to Subpoena Witnesses, IE, Sheriff Nat Williams, of the ST Helena Sheriffs Department, and Chief Chester Prichard, of the St. Helena Sheriffs Department *for testimony In case No 10-1987*. Plaintiff PRAY courts grant said Request for Justice and Law.

(R. Doc. 57, p. 3) (emphasis added).  However, along with his motion, the Plaintiff filed a completed Request for Subpoenas.  On this Request, the Plaintiff placed a check mark next to the option

2

"Deposition Subpoenas set(s) for deposition to be taken on:." Underneath this option, the Plaintiff handwrote the date May 21, 2012.[2]

In addition to the Request for Subpoenas, the Plaintiff also filed two unsigned subpoenas. Each subpoena provides the issuer with a number of options including an option that states, "You are commanded to appear in the United States District Court at the place, date, and time specified below to testify in the above case." The Plaintiff did not place a check mark next to this option on either subpoena.[3] However, the Plaintiff handwrote "United States District Courts New Orleans LA" in the "Place of Testimony" box underneath this option, and "May 21, 2012" in the "Date and Time" box underneath this option on both subpoenas.

## II.     Standard of Review

Federal Rule of Civil Procedure 45 governs subpoenas issued by courts of the United States. Thus, Fed.R.Civ.P. 45 must be followed with regard to the issuing of subpoenas for witnesses or documents. Fed.R.Civ.P. 45 states,

> [t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena as an officer of (A) a court in which the attorney is authorized to practice; or (B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

Fed.R.Civ.P. 45(a)(3).

---

[2] The Court notes that according to the scheduling order, the "[t]rial will commence the week beginning Monday, May 21, 2012, at 8:30 a.m. before the District Judge with a jury." (R. Doc. 55.) The Court also notes that according to the scheduling order, "[d]epositions for trial use shall be taken and all discovery shall be completed no later than Monday, March 12, 2012." (R. Doc. 55.)

[3] The Plaintiff also did not place a check mark next to the option that states, "You are Commanded to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case."

### III. Analysis

Despite the Plaintiff's conflicting requests, the Court concludes that because (1) the trial date in this matter is May 21, 2012; (2) the Plaintiff's motion requests the subpoenas be issued "for testimony In case No 10-1987"; (3) the Plaintiff handwrote the date May 21, 2012 on his Request for Subpoenas and the unsigned subpoenas; and (4) the Scheduling Order requires all depositions to completed no later than March 12, 2012, the Plaintiff intended to request subpoenas to secure the testimony of Mr. Williams and Mr. Prichett at trial on May 21, 2012.

However, the Plaintiff's motion is not a proper means of obtaining the subpoenas he seeks. Under Fed.R.Civ.P. 45(a)(3), the Plaintiff must submit a request for a signed subpoena to the Clerk of the Court. The Plaintiff must also complete and serve the subpoenas in accordance with Fed.R.Civ.P. 45(a)(1) and (b). Thus, the Plaintiff's motion for subpoenas must be denied, and the Plaintiff's motion for leave to correct his motion for subpoenas must also be denied.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Subpoena Witnesses (R. Doc. 57)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's **Motion of Leave (R. Doc. 60)** is hereby **DENIED.**

New Orleans, Louisiana, this 21st day of September 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**