# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN L. RUTHERFORD | CIVIL ACTION |
| VERSUS | No. 10-1987 |
| LOUISIANA STATE, ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss or, in the alternative, for summary judgment filed by defendant, Mike Woodard. Plaintiff, Steven Rutherford, has filed an opposition.[2] For the following reasons, defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

### *BACKGROUND*

Steven L. Rutherford ("Rutherford") alleges that a variety of government and private actors engaged in a criminal conspiracy to forge his signature on certain tax returns, deprive him of his First Amendment rights, and to single him out for persecution.[3] As this Court previously stated,

> Plaintiff appears to make the following allegations: (1) the signature on his tax returns was forged for the years 1998 and 1999 and he has been harassed by the Louisiana Department of Revenue; (2) in matters plaintiff filed in the 21st Judicial District, the judges failed to grant him the relief he desired; and (3) Michael and Lisa Parrish conspired with the judges of the 21st Judicial District to deprive him of his land rights; Plaintiff seeks relief in the form of prosecution of all defendants "under the Rico Act and the Hate Crimes statutes", as well as monetary damages against the State of Louisiana and Michael and Lisa Parrish.[4]

---

[1] R. Doc. No. 69.
[2] R. Doc. Nos. 70, 71.
[3] R. Doc. No. 1.
[4] R. Doc. No. 42.

1

On February 16, 2011, this Court dismissed with prejudice Rutherford's claims against the State of Louisiana, Governor Bobby Jindal, Cynthia Bridges, Judge Wayne Chutz, Judge M. Douglas Hughes, Judge Bruce C. Bennett, Judge Robert H. Morrison, III, and the 21st Judicial District Court.[5] On May 4, 2011, this Court also dismissed with prejudice Rutherford's claims against Michael and Lisa Parrish because Rutherford failed to provide a more definite statement in support of his claims.[6] As a result, the only remaining defendant in this case is Mike Woodard ("Woodard"), Chief Reserve Deputy for the St. Helena Parish Sheriff's office.

Rutherford claims that Woodard terminated him without cause from his position as a reserve deputy when he filed his lawsuit against Michael and Lisa Parrish.[7] Specifically, Rutherford alleges that:

> Due to totality of criminal activities by state government, individual judicial districts and private citizens in a organized fashion and below crimes were committed against plaintiff, Steven L Rutherford . . .
>
> 5. After suit [against the Parrishes was] filed, plaintiff was removed as reserve deputy without cause.[8]

Although his theory of recovery is not entirely clear, Rutherford appears to be seeking injunctive relief in the form of a criminal prosecution against defendants as well as money damages pursuant to 42 U.S.C. § 1983.[9] Woodard argues that Rutherford's claims should be dismissed on the grounds that Rutherford has neither stated a claim upon which relief may be granted nor pled sufficient facts in support of his claims.[10]

*LAW*

## I. Determining the Appropriate Legal Standard

---

[5] R. Doc. No. 42.
[6] R. Doc. No. 50.
[7] R. Doc. Nos. 1, 5.
[8] R. Doc. No. 1.
[9] R. Doc. No. 66.
[10] R. Doc. No. 69.

Woodard styled this motion as a motion to dismiss or, in the alternative, for summary judgment. Federal Rule of Civil Procedure 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Because neither party has referenced any matters outside of the pleadings, the Court finds that this motion is properly analyzed under the standard appropriate for a motion to dismiss.

**II. Federal Rule of Civil Procedure 12(b)(6)**

A complaint fails to state a claim upon which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

As the United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations and quotation marks omitted).

Further, in Iqbal, the Supreme Court also stated that:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Id. (citations, quotation marks, and brackets omitted). "Still, it is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Bustos v. Martini Club Inc., 599 F.3d 458, 461-62 (5th Cir. 2010) (internal quotation marks and citation omitted).

## ANALYSIS

### I. 42 U.S.C. § 1983

#### A. Individual Capacity Claims

Woodard argues that Rutherford failed to sufficiently allege a deprivation of constitutional rights to sustain a section 1983 claim brought against him in his individual capacity. "Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights."[11] Bustos v. Martini Club Inc., 599 F.3d 458, 464 (5th Cir. 2010) (quoting 42 U.S.C. § 1983). "Two

---

[11] The full text of 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

elements must be proved in order to recover under section 1983: (1) deprivation of a constitutional right by a defendant, (2) acting under color of (state) law." Herwald v. Schweiker, 658 F.2d 359, 363 n.5 (5th Cir.1981). "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation ." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002).

Rutherford alleges that Woodard fired him in retaliation for filing a lawsuit against Michael and Lisa Parrish. Although Woodard argues that a constitutional violation occurs only when an employee is fired based on his or her membership in a protected class, the U.S. Supreme Court has long recognized speech related retaliation claims brought by public employees pursuant to section 1983 and the First Amendment. See Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, 391 U.S. 563, 568, 88 S. Ct. 1731, 20 L. Ed. 2d (1968). Rutherford's pro se complaint sufficiently alleges that Woodard violated his First Amendment rights by firing him in retaliation for filing a lawsuit against Michael and Lisa Parrish, and Woodard does not argue that Rutherford failed to state a claim based on the First Amendment.[12] Therefore, the motion to dismiss is denied with respect to Rutherford's section 1983 claim against Woodard in his individual capacity.[13]

**B. Official Capacity Claims**

Woodard also argues that any claim against him in his official capacity must be dismissed because Rutherford failed to identify an official policy or custom that caused his alleged injuries. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999)

---

[12] Although he raises the defense of immunity in his answer (R. Doc. No. 36, p.3), Woodard does not raise immunity as a ground for dismissal in his motion.

[13] The Court also notes that Rutherford was not required to exhaust any type of administrative remedies with the Equal Employment Opportunity Commission before filing this lawsuit for speech related retaliation pursuant to section 1983. See Patsy v. Bd. of Regents, 457 U.S. 496, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1983).

5

(citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  A plaintiff asserting a section 1983 claim against a municipal official in his official capacity or a section 1983 claim against a municipality "must plead facts showing that a policy or custom existed, and that such custom or policy was the cause in fact or moving force behind a constitutional violation." McClure v. Biesenbach, 355 F. App'x 800, 803 (5th Cir. 2008) (citing Spiller v. City of Tex. City, Police Dep't,, 130 F.3d 162, 167 (5th Cir. 1997)).

The Fifth Circuit defines an "official policy" as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government entity or by an official to whom the entity has delegated policy-making authority; or
>
> 2. A persistent, widespread practice of officials or employees which although not authorized by officially adopted and promulgated policy is so common and well-settled as to constitute a custom that fairly represents the entity's policy.

Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 289 (5th Cir.2002) (brackets and ellipses omitted).  "[A] single decision may create municipal liability *if* that decision were made by a final policymaker responsible for that activity." Bennett v. Pippin, 74 F.3d 578, 586 (5th Cir. 1996) (internal quotations and citations omitted) (emphasis in original).  "State law determines whether a particular individual is a county or municipality final decision maker with respect to a certain sphere of activity." Id.

The Supreme Court has expressly prohibited the application of a heightened pleading standard to section 1983 claims against municipalities. Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  A plaintiff need only comply with notice pleading requirements by presenting a "short and plain statement of the claims showing that the pleader is entitled to relief." Id.  However, a

"plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos Cnty., Tex., 981 F.2d 237, 245 (5th Cir. 1993). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." Spiller, 130 F.3d at 167.

Rutherford has failed to identify an official policy or custom that caused his alleged injuries. Rutherford's conclusory allegation that various governmental authorities and private actors conspired against him fails to set forth facts showing the existence of "a persistent, widespread practice of officials" that is "so common and well-settled as to constitute a custom that fairly represents the entity's policy." See Cozzo, 279 F.3d at 289-90. Moreover, a single instance of allegedly unconstitutional conduct by Woodard cannot establish an official policy on the part of the St. Helena Parish Sheriff's office because the St. Helena Parish Sheriff is the final policymaker in charge of the decisions made by that office, not the head reserve deputy. See Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 907 (E.D. La. 2001) (Duval, J.) ("'[I]t is clear that the Sheriff in his official capacity is the appropriate governmental entity responsible for any constitutional violations committed by his office.") (internal quotations and citations omitted). Accordingly, Rutherford's section 1983 claim against Woodard in his official capacity must be dismissed.

## II. Relief under the RICO Act and Hate Crime statutes

Rutherford seeks injunctive relief in the form of a criminal prosecution against all defendants under "the Rico Act and Hate Crime statutes." This Court has previously ruled that Rutherford is not entitled to such injunctive relief and any relief to which he is entitled will be limited to money damages.[14]

*CONCLUSION*

---

[14] R. Doc. No. 42.

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** with respect to Rutherford's claims against Woodard in his official. Rutherford's official capacity claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss is **DENIED** with respect to Rutherford's claims against Woodard in his individual capacity.

New Orleans, Louisiana, December 22, 2011.

                                  **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**